# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| ERICK EDUARDO TURCIOS-LAZO, ) ) Petitioner, ) ) v. ) ) UNITED STATES OF AMERICA, ) ) Respondent. ) ) ) ) ) | Civil Action No. 18-cv-3751-LKG Criminal No. 08-0216-LKG Date:  October 12, 2021 |

### MEMORANDUM OPINION AND ORDER

**I.     INTRODUCTION**

Petitioner *pro se*, Erick Eduardo Turcios-Lazo, has moved to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.  *See generally* Pet'r's Mot., ECF No. 19; *see also* Pet'r's Mem., ECF No. 19-1.  Petitioner argues that his prior Virginia-state conviction for unlawful wounding, which served as the basis for the 16-point upward adjustment to his total offense level under Section 2L1.2(b) of the then-applicable United States Sentencing Guidelines ("U.S.S.G."), no longer qualifies as a valid "crime of violence" following the United States Supreme Court's decisions in *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), and *Johnson v. United States*, 576 U.S. 591 (2015).  *See generally* Pet'r's Mem.  And so, petitioner requests that the Court vacate his original sentence and resentence him without a 16-point level enhancement.  *Id.* at 8.

On February 11, 2019, the government filed a response in opposition to petitioner's motion.  *See* Resp't's Resp., ECF No. 21.  No hearing is necessary to resolve the motion.  *See* Local Rule 105.6; 28 U.S.C. § 2255(b).  For the reasons set forth below, the Court **DENIES** petitioner's motion.

1

**II.     FACTUAL AND PROCEDURAL BACKGROUND**

On June 5, 2008, petitioner pled guilty in the United States District Court for the District of Maryland to illegal reentry into the United States by a previously deported aggravated felon, in violation of 8 U.S.C. § 1326(a) and (b)(2). Resp't's Resp. at 1. At sentencing, the Court calculated petitioner's base offense level pursuant to the then-applicable U.S.S.G. Section 2L1.2, which provides a base offense level of 8 for offenses involving "Unlawfully Entering or Remaining in the United States." *Id.* at 1-2; *see also* U.S.S.G. § 2L1.2(a) (2008).[1] Pursuant to subsection (b)(1)(A) of that guideline, the Court applied a 16-point offense level enhancement, based upon petitioner's previous Virginia-state conviction for unlawful wounding, in violation of Va. Code Ann. § 18.2-51, and prohibited criminal street gang participation, in violation of Va. Code Ann. § 18.2-46.2. *Id.* at 2 (citation omitted); *see also* U.S.S.G. Section 2L1.2(b)(1)(A) (2008).

Following a 3-level reduction for acceptance of responsibility, petitioner's final adjusted offense level was 21. Resp't's Resp. at 2. Combined with the established criminal history category of III, the applicable guideline range in petitioner's case was 46 to 57 months. *Id.* And so, on August 28, 2008, the Court sentenced petitioner to a total term of 48 months' imprisonment. *Id.* (citing ECF No. 15, case no. 8-cr-216).

Thereafter, petitioner was found guilty of conspiracy to commit murder in aid of racketeering activity, in violation of 18 U.S.C. § 1959(a)(5), in the Eastern District of Virginia. *Id.* On April 8, 2009, the district court in that case sentenced petitioner to 120 months' incarceration, to run consecutively to his previously imposed 48-month sentence in the District of Maryland. *Id.* (citing ECF No. 64, case no. 08-cr-0370 (E.D. Va.)).

---

[1] U.S.S.G. § 2L1.2 defines "crime of violence" for purposes of an offense level enhancement to be "any of the following offenses under federal, state, or local law: murder, manslaughter, kidnapping, aggravated assault, a forcible sex offense . . ., statutory rape, sexual abuse of a minor, robbery, arson, extortion, extortionate extension of credit, burglary of a dwelling, or any other offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another." *See* U.S.S.G. § 2L1.2, cmt. n.1(B)(iii) (2008). U.S.S.G. § 2L1.2(b)(1)(A) also provides for a 16–level enhancement to the base offense level established in § 2L1.2(a) "[i]f the defendant previously was deported, or unlawfully remained in the United States, after . . . a conviction for a felony that is . . . (ii) a crime of violence." *See id.* § 2L1.2(b)(1)(A) (2008).

Petitioner remains incarcerated based on his sentence in the Eastern District of Virginia. *Id.*

On December 3, 2018, petitioner filed a motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255, challenging his District of Maryland enhanced sentence. Pet'r's Mot. On December 11, 2018, the Court ordered the government to file a response to petitioner's motion within 60 days from the filing of the Court's order. ECF No. 20. On February 11, 2019, the government filed a response in opposition to the petitioner's motion. Resp't's Resp.

After filing his motion to vacate, petitioner appealed his criminal conviction on April 18, 2019, and the Court held this habeas action in abeyance pending the resolution of the appeal. *See* ECF Nos. 23-24. On January 17, 2020, the United States Court of Appeals for the Fourth Circuit affirmed the judgment of the Court as to petitioner and the mandate issued on February 10, 2020. ECF Nos. 33-34. Thereafter, the Court afforded petitioner the opportunity to file a reply in support of his motion to vacate, which petitioner declined. *See* ECF No. 35.

### III. LEGAL STANDARDS

Pursuant to 28 U.S.C. § 2255(a), a prisoner in federal custody may "move the court which imposed the sentence to vacate, set aside or correct the sentence," if the prisoner can show "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . ." 28 U.S.C. § 2255(a). The United States Court of Appeals for the Fourth Circuit has recognized that a district court has "three possible methods, depending upon the facts, [for] disposition of motions under Section 2255:" summary disposition, disposition on an expanded record, and disposition after an evidentiary hearing. *Raines v. United States*, 423 F.2d 526, 529-30 (4th Cir. 1970). Summary disposition is appropriate where "the files and records conclusively show that the prisoner is entitled to no relief." *Id*. at 529; *accord United States v. Dyess*, 730 F.3d 354, 359 (4th Cir. 2013) (citation omitted) (holding that "vague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the district court"); *see also* Rule 4(b) of the Rules Governing Section 2255 Proceedings ("If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion . . . .").

**IV.  ANALYSIS**

Petitioner contends that he is entitled to relief on collateral review pursuant to the Supreme Court's decisions in *Johnson v. United States*, 135 S. Ct. 2551 (2015), and *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), because the Court improperly imposed a sentence enhancement under U.S.S.G. § 2L1.2(a).[2]  Pet'r. Mem. at 5.  Specifically, petitioner argues that his prior Virginia-state conviction for unlawful wounding no longer qualifies as a "crime of violence," as defined in U.S.S.G. § 2L1.2(a), because some elements of the unlawful wounding offense do not involve the use of force. *Id.*

Petitioner's attempt to challenge U.S.S.G. § 2L1.2(a) under *Johnson* and the void-for-vagueness doctrine is without merit.  The Supreme Court held in *Beckles v. United States* that the advisory U.S.S.G. are not subject to challenges under *Johnson*.  137 S. Ct. 886, 895 (2017).  Notably, in *Beckles*, the Court observed that "the advisory [g]uidelines do not fix the permissible range of sentences." *Id.* at 892.  Rather, the U.S.S.G. "merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range." *Id.*  And so, the Court concluded that the U.S.S.G. are not subject to a vagueness challenge under the Due Process Clause. *Id.*

Similarly, here, the definition of a "crime of violence" set forth in U.S.S.G. § 2L1.2(a) cannot be challenged under *Johnson* and the void-for-vagueness doctrine.  *See Beckles*, 137 S. Ct. at 892.  And so, the Court summarily dismisses petitioner's motion.[3]

---

[2] In *Johnson*, the Supreme Court held that the definition of a "violent felony" contained in the Armed Career Criminal Act's ("ACCA") residual clause was unconstitutionally vague, because the residual clause left uncertain "how much risk it takes for a crime to qualify as a violent felony," and forced courts to consider risk in an "ordinary case" without accounting for "real-world facts or statutory elements." *Johnson v. United States*, 576 U.S. 591, 596-57 (2015).  The Supreme Court revisited the issue of the constitutionality of residual clauses in *Dimaya*, where the Court invalidated as unconstitutionally vague an identical residual clause provision contained in the Immigration and Nationality Act's ("INA") definition of a "crime of violence." *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018).

[3] The Court is also satisfied that the sentencing court did not err in finding that the Virginia-state law offence of unlawful wounding is a "crime of violence" under the applicable sentencing guidelines, because the Virginia-state law offence of "unlawful wounding" has as an element the use, attempted use, or threatened use of physical force against the person of another.

## V. CONCLUSION

For the reason stated above, petitioner's motion to vacate, set aside, or correct his sentence is **DENIED**.

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255, the Court is required to issue or deny a certificate of appealability when it enters a final order adverse to the applicant, which is a "jurisdictional prerequisite" to an appeal from the court's earlier order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where the Court denies petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because reasonable jurists would not find petitioner's claims debatable, a certificate of appealability is **DENIED**.

For the foregoing reasons, it is hereby **ORDERED** that:

1. Petitioner's motion to vacate, set aside, or correct his sentence is **DENIED**;
2. Copies of this Memorandum Opinion and Order shall be sent to the petitioner and counsel of record;
3. A certificate of appealability shall not issue and is **DENIED**; and
4. The Clerk of this Court shall **CLOSE** this case.

s/Lydia Kay Griggsby
LYDIA KAY GRIGGSBY
United States District Judge